## In re Amati

Court of Judicial Discipline, no. 2 JD 01.

BEFORE: PANELLA, *P.J.,* BYER, RUSSO, SPOSATO, LEADBETTER, COGNETTI JR., HORGOS AND O'LEARY, *JJ.*

HORGOS, *J.,* APRIL 24, 2001—The Judicial Conduct Board filed a petition for relief pursuant to C.J.D.R.P. no. 701 requesting an interim order directing the suspension without pay of District Justice Ronald Amati (respondent). Respondent filed an answer to the petition.

The following facts were alleged by the board and admitted by respondent:

(1) Respondent is the district justice serving magisterial district 27-1-02 in the County of Washington; Respondent has continuously served as district justice since January 4, 1988. (Petition, ¶2; answer, ¶2.)

(2) Respondent was indicted on April 4, 2000 in the case of *United States of America v. Ronald Amati, Debra Vlanich,* no. 00 Crim. 59 in the United States District Court for the Western District of Pennsylvania and was charged with three felony counts: violating title 18 section 371 of the United States Code; violating title 18 sections 1955 and 2 of the United States Code; and violating title 18 sections 1511 and 2 of the United States Code. (Petition, ¶3; answer, ¶3.)

(3) Following a trial by jury before the Honorable Gustave Diamond, the jury returned a verdict of guilty as to all felony counts on February 5, 2001. (Petition, ¶¶8-10; answer, ¶¶8-10.)

(4) On April 23, 1999 the Pennsylvania Supreme Court entered an order which relieved respondent of all judicial and administrative responsibilities until further order of the court. (Petition, ¶5; answer, ¶5.)

(5) Respondent has not performed his duties as a district justice since April 23, 1999 and has continued to receive full salary and benefits. (Petition, ¶6; answer, ¶6.)

The board has filed its petition pursuant to the Pennsylvania Constitution, Article V, Section 18(d)(2) which provides in relevant part that this court "may issue an interim order directing a suspension, with or without pay, of any . . . justice of the peace . . . against whom has been filed an indictment or information charging a felony." The board alleges that to permit respondent to continue collecting his salary after he has been found guilty of felony violations of the United States Code would cause the public to lose faith in the integrity of the judiciary and the judicial disciplinary system and that the reputation of the judicial branch would be irreparably damaged. (Petition, ¶11.)

The court has the authority to enter an interim order suspending respondent without pay under the Pennsylvania Constitution, Article V, Section 18(d)(2), *supra.* The court is vested with discretion in this matter and decides this issue based on a totality of the circumstances test. *In re Larsen,* 655 A.2d 239 (Pa. Ct. Jud. Disc. 1994). The *Larsen* court set forth guidelines for determining when to enter an interim order of suspension:

"Among the factors to be considered are the nature of the crime charged, its relation, or lack thereof to the duties of the responding judicial officer, the impact or possible impact on the administration of justice in this Com-

monwealth, the harm or possible harm to the public confidence in the judiciary as well as any other circumstances relevant to the conduct in question. . . ." *Id.,* 655 A.2d at 247.

Respondent has been convicted by a jury of three felonies during his time in office, each punishable by a maximum of five years imprisonment. Post-trial motions filed by respondent were denied. Respondent has not performed his duties as district justice since April 23, 1999 when the Pennsylvania Supreme Court relieved him of his duties. Respondent has continued to receive full salary and benefits.

This court must seek to maintain the integrity of the judiciary and the judicial disciplinary system. The judicial system should deserve and receive the support not only of litigants and lawyers but the public as well. *In re Larsen, supra,* 655 A.2d at 248, citing *In re Greenberg,* 442 Pa. 411, 280 A.2d 370 (1971).

Respondent has been charged with and convicted of conspiracy, gambling and obstruction of state law enforcement. The crimes involve dishonesty and took place while respondent served as district justice. To allow respondent to continue to receive full salary and benefits undermines public confidence in the integrity of the judiciary and the judicial disciplinary system.

Respondent points to a distinction between this case and *In re Larsen* because Justice Larsen committed illegal acts while serving on the highest court in the Commonwealth while respondent was serving in the position of district justice. This distinction is without merit. As a district justice, respondent is charged with the duty of administering justice to many individuals. In many cases,

the only contact individuals will have with the judicial system is at the district justice level. The integrity of the judicial system must be upheld at all levels of that system. The importance of honesty by members of the judiciary is not diminished by the fact that a judicial officer sits as a district justice rather than a Pennsylvania Supreme Court Justice. The members of the public are more apt to come into contact with a district justice than a Pennsylvania Supreme Court Justice. All levels of a judicial system must operate in such a manner as to uphold respect for the law and administration of the judicial process in the courts of the Commonwealth.

Accordingly, under the authority vested in this court by the Pennsylvania Constitution, Article V, Section 18(d)(2), and based on the totality of the circumstances herein involved, the court finds that to allow respondent to continue to receive full benefits and salary as a district justice in the Commonwealth of Pennsylvania will undermine the integrity of the judiciary and the judicial disciplinary system and irreparably harm the reputation of the judiciary. An interim order shall be entered suspending respondent without pay.

Sposato, J., did not participate in the consideration or disposition of this case.

## ORDER

And now, April 24, 2001, based upon the petition for relief filed by the Judicial Conduct Board in the above-captioned matter under C.J.D.R.P. no. 701, under the authority vested in this court by the Pennsylvania Constitution, Article V, Section 18(d)(2), the relief sought by the board is granted and respondent is hereby suspended from his judicial office without pay.